# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAWRENCE KENNETH ALLEN, II<br>    Plaintiff | :<br>: |
| v | :    Civil Action No.: RWT-09-2709 |
| | :    (Consolidated Cases: RWT-09-2924, |
| GREG FLURY, et al.<br>    Defendants | :         RWT-09-2933, RWT-09-2934,<br>:         RWT-09-2935, RWT-09-2936,<br>:         and RWT-09-2937) |

o0o
## MEMORANDUM OPINION

Pending in these consolidated cases are Defendants' Motions to Dismiss or for Summary Judgment.[1] ECF Nos. 23, 26. Although Plaintiff was advised of his right to file a response in opposition to Defendants' motions and of the consequences of failing to do so, see ECF Nos. 24 and 27, he has not opposed the motions. For the reasons that follow, the unopposed motions shall be granted.

### Background

Plaintiff claims that on August 14, 2009, Defendant Flury, a Physician's Assistant, directed a barrage of racial slurs at him, ordered his walking cane confiscated, and ordered correctional officers to assault Plaintiff. ECF No. 1. He states Defendant Flury had the officers drag him out of a holding cell and throw him into a shower area. He alleges Defendant Flury told the officers, "just don't kill that nigger." Id. After the assault, Plaintiff claims Defendant Flury directed that he be thrown into a cell without clothes even though he knows Plaintiff suffers from multiple sclerosis. Id.

Plaintiff further alleges that Defendant Officers Cady, Beachy, McKenzie, and Gervin beat him, stomped on him and choked him until he was unconscious. ECF Nos. 6, 11, 13, and

---

[1] Also pending is Defendants' Motion for Extension of Time which shall be granted nunc pro tunc. ECF No. 25.

14. Plaintiff states that he believes Defendant Beachy was the officer who stomped on him so hard it rendered him unconscious. ECF No. 11. Plaintiff claims Defendant Gervin dragged him into another room after the assault had ceased so that the incident could be covered up. ECF No. 14. Plaintiff alleges that Defendant Robey went along with the assault and used racial slurs in reference to Plaintiff. ECF No. 10. In addition he claims that Defendant Booth, a Licensed Clinical Professional Counselor (LCPC), aided in covering up the incident and witnessed the assault. ECF No. 12.

Defendants deny the incident described ever occurred. They point out that there is no documentation of any sort indicating that Plaintiff was ever injured in the manner alleged or that he was ever involved in a use of force incident. ECF Nos. 23, 26. The medical Defendants attach numerous sick call slips initiated by Plaintiff days after the alleged incident, none of which pertain to injuries of the sort he claimed were inflicted at the hands of the correctional Defendants.[2] See ECF No. 26 at Ex. B pp. 6-198. A report prepared by Defendant Flury on the date of the alleged incident states that Plaintiff was provided with a cane, assigned to a lower bunk on a lower tier, and given no work status. Id. at pp. 2-4. Defendant Flury denies ever using racial slurs or ordering an assault on Plaintiff. Id. at Ex. A.

Correctional Defendants also deny using force against Plaintiff. ECF No. 23. There were no administrative remedy complaints filed by Plaintiff alleging that he was assaulted in the manner described,[3] nor were there any use of force reports prepared by correctional staff. Id.

---

[2] Plaintiff's complaints range from needing his nails cut and requesting an extra pillow, to concerns regarding side-effects from his medication and his need for knee braces. ECF No. 26 at Ex. B, pp. 6 – 198.

[3] Defendants note that Plaintiff has availed himself of the administrative remedy procedure on numerous other occasions regarding unrelated matters. Id. at Ex. 2, pp. 2—3.

2

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

## Exhaustion of Administrative Remedies

Correctional Defendants assert, and Plaintiff fails to refute, that Plaintiff has failed to

exhaust administrative remedies with respect to the claim raised. ECF No. 23. The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. See Porter v. Nussle, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. See Booth v. Churner, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this Court. See Jones v. Bock, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner and this court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond.

4

Moore v. Bennette, 517 F. 3d 717, 725 (4th Cir. 2008) (internal citations omitted).

Thus, Plaintiff's claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. See Chase v. Peay, 286 F.Supp.2d 523, 528 (D. Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. Id. at 530; See also Gibbs v. Bureau of Prisons, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); Booth v. Churner, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

The instant case illustrates the wisdom of the exhaustion requirement. Plaintiff has leveled allegations of outrageous conduct by both medical and correctional staff, but chose this Court as the first and only place to make those claims. As a result, no investigation was conducted at the institutional level to determine if anything untoward actually happened. Plaintiff's refusal to raise these claims in an administrative remedy complaint appears to be a deliberate attempt to deprive correctional officials of the opportunity to assemble a record establishing that the heinous assault described never happened. Given Plaintiff's prolific

complaints regarding various other matters,[4] the Court is dubious that Plaintiff's failure to exhaust administrative remedies is fear-induced.[5] Indeed, Plaintiff is a prolific litigator in this Court and appears to have no reluctance to document his allegations. Correctional Defendants are entitled to dismissal of the claims against them given Plaintiff's failure to demonstrate exhaustion of administrative remedies.

### Eighth Amendment Claims

The remaining claims against the medical Defendants are simply unsubstantiated. Although they are named as Defendants, there are no specific allegations regarding Defendants Carla Buck and Victor Jackson. See ECF No. 1, 6, and 10-14. With respect to Defendant Flury, he denies all allegations regarding the assault and explains that he provided Plaintiff with medical care on August 14, 2009, that included the provision of a cane because Plaintiff's gait is unsteady. ECF No. 26 at Ex. A. Plaintiff has failed to dispute the allegation that the assault never occurred and that his medical needs were adequately addressed. Thus, the medical Defendants are entitled to summary judgment in their favor.

### Abusive Filings

In light of the absence of any supporting evidence for Plaintiff's claims, the outrageous nature of the allegations raised, and Plaintiff's litigious nature, a warning to Plaintiff appears prudent. Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal–(i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

---

[4] Plaintiff filed sixty-nine (69) administrative remedy complaints between August 13, 2009, and March 18, 2010. See ECF No. 23 at Ex. 2.

[5] Plaintiff's sick call slips, written in his handwriting, are frequently threatening, disrespectful and profane. Numerous times he states he will file multiple sick call slips because he was told to refile a slip that was misplaced; labels routine requests as urgent or an emergency; and threatens legal action. See e.g., ECF No. 26 at Ex. B, pp. 6, 7, 72, 121, and 125.

monetary relief against a defendant who is immune from such relief." In the event this Court becomes convinced that Plaintiff's claims are made with malicious intent for the sole purpose of embarrassing or harassing correctional staff, appropriate sanctions may be imposed.

## Conclusion

Based on the undisputed evidence Defendants are entitled to judgment in their favor. A separate Order shall be entered in accordance with this opinion.


Date: <u>December 9, 2010</u>                         <u>/s/</u>
                                                          ROGER W. TITUS
                                                          UNITED STATES DISTRICT JUDGE